IMPERIAL CURTAIN CO. v. STRAUSS.

(Supreme Court, Appellate Term. May 29, 1912.)

CONTRACTS (§ 10*)—CONSTRUCTION AND OPERATION—MUTUALITY—"CREDIT."
    A contract for the display of an advertisement on a theater curtain for such time as the theater would be open during specified seasons provided that it was not subject to cancellation, and that credit would be given for each entire week the advertisement was not shown. Held, that the word "credit" was used as the opposite of "debit" and as a correlative of "debt," and that, since there could be no debt where the contract was unexecuted, if the display of the advertisement was optional, it should not be construed as providing for its display at the option of the curtain company, but as requiring its display at all times when the theater was open with a set-off for any time that the theater was not

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
    135 N.Y.S.—37

open, and hence that a recovery for the display of the advertisement after the advertiser had directed its discontinuance was not precluded on the ground that the contract lacked mutuality of obligation.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 21–40; Dec. Dig. § 10.*

For other definitions, see Words and Phrases, vol. 2, pp. 1711–1713; vol. 8, p. 7622.]

Lehman, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by the Imperial Curtain Company against Herman Strauss. From a judgment for plaintiff for insufficient damages, he appeals. Modified.

Argued May term, 1912, before SEABURY, LEHMAN, and PAGE, JJ.

Kilroe & Swarts, of New York City, for appellant.
Coller & Coller, of New York City, for respondent.

SEABURY, J. This action is brought upon a contract for advertising. The defendant made the following offer:  ·

"This order not subject to cancellation.
"No payments to be made to agents except upon written authority.
"Verbal understandings or agreements will not be recognized.
"Imperial Curtain Company, Columbia Theater Building, 47th St. and Broadway.
"Dear Sirs: Kindly place our advertisement 15x21 inches on the street drop of the Fifth Ave. Thea. city of Brooklyn, N. Y., state of N. Y., for such time the theater is open from August 1st to July 31st of the years 1910–11, 1911–1912 and 1912–13; for which we agree to pay two dollars, $2.00 per week from the day it is placed, payable every four weeks, and $2.50 for painting. Credit is to be given for each entire week advertisement is not shown. 'Design our copy' if not furnished by us in time.

| "Very truly yours, | | [Signed] |
| "[Signed] | Firm name | H. Strauss |
| "By H. H. Loeb, | Address 374—5th Ave. | |
| "March 22, 1911." | | |

This offer was accepted by the plaintiff in the following letter:

"H. Strauss,      ·      Mar. 24, 1911.  ·
"374—5th Ave.,
"Brooklyn, N. Y.

"Dear Sir: We are in receipt of your order obtained by our Mr. Herman Loeb, to place your advertisement 15x21 inches on the street drop of the 5th Ave., Theater Brooklyn N. Y. for such time the theater is open from August 1st to July 31st of the years 1910–11; 1911–12 and 1912–13 at $2.00 per week. We enclose herewith duplicate of your contract. We are pleased to accept it and thank you for same. We hope you will find it of great benefit.

"Yours very truly,      Imperial Curtain Company,
·      "Per E. M. R."

The offer and acceptance constituted a binding contract between the parties. Upon the trial it was proved that the plaintiff displayed the advertisement upon the theater curtain, according to the terms of the contract, until January 13, 1912, and that the theater was open dur-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing this period. On December 14, 1911, the defendant wrote. the plaintiff, asking that the plaintiff should discontinue displaying the advertisement. The plaintiff brought this action to recover for the time the advertisement was shown at $2 per week, namely, $86.50, less $16.50 which the defendant had paid. The court below gave judgment in favor of the plaintiff for the sum of $62, being the amount due up to December 14, 1911, less the amount paid by defendant. Plaintiff appeals, claiming that the judgment should have been rendered in its favor for the entire amount claimed. Upon the trial the right of the defendant to claim that the plaintiff, after notice to discontinue, should have attempted to fill the space contracted for by defendant, with a view to reducing defendant's damages, was expressly waived. So far as the contract has been wholly executed, there can be no question that the plaintiff can recover; that is, the plaintiff is clearly entitled to recover for services rendered up to December 14, 1911. This was so held by the learned trial justice, and is not questioned upon this appeal.

The dispute relates to whether or not the plaintiff can recover for services performed under the contract, after the defendant sent the notice requesting that the display of the advertisement should be discontinued. It is claimed by the respondent that this contract which the parties entered into is unilateral and void for want of mutuality. Our first duty in the premises is to construe the contract, and to ascertain its true meaning. It is claimed that the clause, "credit is to be given for each entire week advertisement is not shown," in effect, makes it optional with the plaintiff to display the advertisement. We think the contract should be viewed as a whole, and such a construction placed upon it as will give effect to all of its terms. The offer of the defendant contemplated that the plaintiff should be obligated to display the advertisement "for such time the theater is open from August 1st to July 31st of the years 1910–11, 1911–1912 and 1912–13," and the acceptance by the plaintiff shows that the plaintiff assumed the obligation to place the advertisement "for such time the theater is open," etc. I think it is clear that the contract means that the plaintiff was to display the advertisement for such time as the theater should be open during the dates specified, and that, when the theater was not open, the advertisement was not to be displayed, and an allowance was to be made to the defendant at the rate of $2 per week.

The use of the word "credit" in the contract does not indicate that the performance of the contract was to be optional with the plaintiff, but, rather, that the plaintiff was to be allowed an offset upon the amount which would be due from the defendant to the plaintiff. The word "credit," as used in this contract, assumes the existence of the relation of debtor and creditor under the contract. It indicates the amount which will be due the defendant, as contradistinguished from what he owes. Viewed in this sense, "credit" is the opposite of "debit," and is the correlative of "debt." 11 Cyc. 1191. If we take the view that the contract was optional with the plaintiff, there could be no debt due from the defendant, where the contract was unexecuted. If, however, we read the word "credit" in its ordinary com-

mercial sense, we think that it shows that the parties intended the contract to impose an obligation upon the plaintiff to display the advertisement when the theater was open during the time specified in the contract. Interpreted in this sense, the clause relied upon by the defendant reveals a meaning which negatives the claim which the defendant now makes. Moreover, the defendant's claim that its liability under the contract ceased from the time that it gave notice to the plaintiff to discontinue its service is, in effect, a claim that it could cancel the contract at any time. If such had been the intention of the parties, then the contract would be optional merely; but, in that event, the contract would not have distinctly provided that it was "not subject to cancellation." Viewing the contract as a whole, and giving effect to all its clauses, we interpret it to mean that the plaintiff was bound to display the advertisement during such times as the theater would be open for the period specified in the contract, but that, if the theater should be closed, it was not required to display the advertisement during that time, and that for such times during which the advertisement was not displayed credit should be given the defendant at the rate specified, and this credit should be deducted from the debt which the defendant would be under to the plaintiff, provided the plaintiff, in other respects, performed its contract. Under this interpretation of the contract, the plaintiff was under an obligation to display the advertisement. The fact that provision was made for a credit to the defendant, if the advertisement should not be displayed, did not relieve the plaintiff from its obligation to display the advertisement when the theater was open during the time specified in the contract. The contract, therefore, contained mutual covenants and agreements, and cannot be said to be void for want of mutuality.

The judgment should, therefore, be modified by increasing the amount of the recovery to the sum of $70 and the appropriate costs in the court below, and, as modified, affirmed, with costs.

PAGE, J., concurs.

LEHMAN, J. (dissenting). The plaintiff accepted in writing the defendant's order to place his advertisement upon a theater curtain for a definite period. It now seeks to hold the defendant liable for the amount he agreed to pay during the whole term in spite of the fact that thereafter the defendant canceled his order. There is no question but that the plaintiff is entitled to payment of the contract price for the period it performed. The sole question involved in this appeal is whether it can enforce payment as provided in the order after the order was canceled. The order expressly provides that it is not subject to cancellation, but one party cannot bind another party to the performance of a contract which is not mutual in its terms, and the case therefore resolves itself into the question of whether or not this contract was mutual. The plaintiff under the terms of the order agreed to pay for the placing of his advertisement the sum of $2 per week for a definite period, and the acceptance of his order for such time as the theater is open would ordinarily imply an agree-

ment by the plaintiff to place the advertisement during that period. The order itself, however, contains the clause that "credit is to be given for each entire week advertisement is not shown," and I can see no other meaning in this clause than that, if the plaintiff does not perform in any week, the defendant need not pay for that week. If that is the proper construction, then the plaintiff is not obligated to perform except when it pleases to do so, for the penalty prescribed is merely nonpayment for services not rendered. It seems to me quite immaterial that the contract by its terms provides for an absolute obligation on the part of the defendant. The question in this case is only whether the obligation is enforceable, and, in the absence of a binding obligation to perform on the part of the plaintiff, the defendant's obligation is not enforceable.

Judgment should be affirmed, with costs.